[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE APPLICATION TO CONFIRM ARBITRATION AWARD
The parties are only in disagreement as to how to interpret the award.
 Facts
On November 7, 1991, Fred Morro was reclassified from Electrical Inspector to Assistant Building Official by the Town of Hamden. Morro claimed that he should have a salary increase because of his changed duties and he appropriately filed a grievance through his Local 1303-30, AFSCME, Council 4, AFL-CIO (AFSCME). In 1996 the Connecticut Independent Labor Union replaced AFSCME as Morro's Union Representative and processed the grievance in arbitration.
In the course of presenting its case in-chief, the Union introduced testimony that Morro was at all times at the highest step in the range of his classification, and that when such circumstances occurred, Article 16.7 of each of the various relevant labor agreements were invoked. There are three such contracts. The first is the 1988-1993 contract in which Section 16.7 reads as follows:
Section 16.7 In cases of promotion to a higher CT Page 9544 classification present employees who are qualified shall be preferred by seniority, and over an applicant not now employed by the Town. In cases of promotion to a higher classification, an employee shall receive an annual salary not less than $300 higher than the employee's previous annual salary.
This provision remained the same for the second contract of 1993-1996.
The third contract was for 1996-1999 which was in effect on the date of the arbitration. The language of Section 16.7 in that contract read:
 Individuals promoted to a higher classification will be placed at a step in the new range next higher in salary than the one they vacate which shall represent a minimum of at least five percent (5%). No employee shall receive a reduction in pay as a result of their promotion.
The arbitrator issued his award on November 3, 1997 and it reads as follows:
 Prior to the termination of the hearing, the parties settled this matter and requested the following be issued as a Stipulated Award:
Having heard all the evidence of the parties, it is determined that:
 1. Fred Morro is awarded (sic) a salary increase of $300.00 per year for performing the duties of Electrical Inspector/Assistant Building Official effective retroactively to November 6, 1991.
 2. That the salary increase is to be paid together with all accrued arrearages by no later than December 4, 1997.
3. That the position of Electrical Inspector/Assistant Building Official is to be included at the option of Fred Morro, the current incumbent, within any classification review brought under the terms of Section 7.7, of the parties' current collective bargaining agreement but, if bought, will not be counted as one of the five individual employees to whom the Section 7.7 is other wise limited. CT Page 9545
 4. This Award is issued without practice or precedent. To the foregoing, the parties have set their hand this 3rd day of November, 1997.
The Town did not pay the award and for Morro the Union brought this action to confirm the arbitration award.
The parties appeared before this Court on April 19, 1999 to have the award interpreted as to the specific amount awarded. They appeared again on July 14, 1999 for further explanations.
At the court's request the parties have each submitted their calculations of sums believed to be due to Morro from the award in issue.
Employees' salaries are given for a fiscal year beginning July 1 and ending June 30. In our case Morro's salary was established on July 1, 1991 as $39,644. On November 7, 1991 in accordance with the award his annual salary was increased by $300, prorated, and thus his total salary for that year would be $39,838.
The labor agreement for that year also provided that he would get a 5.75% increase for the fiscal year July 1, 1991 — June 30, 1992. He already had all of that increase except for the $194 and that would be $11.00 (rounded).
The salary, increases and net amounts due are set forth in the following schedule:

 Salary Annual Award
 Fiscal Contract Arbitrator's Wage + Annual % Salary Amount
 Year Amount Award Increase% Increase Paid Due
 1991-1992 $39,644 $194 5.75% $205 $39,644 $205
 1992-1993 41,924 300 5.75% 317 41,924 317
 1993-1994 43,617 300 4.04% 329 43,617 329
 1994-1995 45,379 300 4.04% 338 45,379 338
 1995-1996 46,559 300 2.6% 308 46,559 317
 1996-1997 47,723 300+5% 2.5% 2603 47,723 2603
 1997-1998 48,916 116+5% 2.5% 815 48,916 813
 *(to 11/1/97)

1998-1999 NA ______ CT Page 9546
 Total $4,951 The defendant claims some overpayment but the court can find none.
The crux of the controversy stems from the language of the award issued by Attorney Staley which said,
"Having heard all the evidence of the parties, it is determined that
 1. Fred Morro is awarded a salary increase
of $300.00 per year for performing the duties of Electrical Inspector/Assistant Building Official. . . .(emphasis added)"
The Town takes the view that it owes Morro $300 for each full fiscal year and a prorated portion of that sum for partial years.
The Union takes the view that while it may appear at first blush as though a simple $300.00 per year was awarded to Morro, that when read carefully in light of the contracts under which the award is issued, Morro was awarded a salary increase of $300.00 per year from November 6, 1991 factored by the general wage increases accorded all members of the bargaining unit annually. Since Morro was at the end of his salary range he was awarded the $300.00 for each contract year covered by the 1988-1993 and 1993-1996 contracts in accordance with Article 16.7.
The 1996-1999 contract modified the language of Section 16.7 to a percentage increase of 5%.
Morro and the Union asked that the Award be confirmed in the amount of $9,978.79 and that accordingly, Morro's current salary be determined for the 1998-1999 fiscal year to be $57,461.41.
The arbitration award of the $300 ended on November 1, 1997. Thus the last two-thirds of fiscal year 1996-1997 are not included in the calculations, nor are any for later years.
Judgment for plaintiff for $4,951.
N. O'Neill, J. CT Page 9547